The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

                              Plaintiff,

     v.

SAMSON TUG AND BARGE CO. INC.,
DUWAMISH MARINE CENTER,
JACQUELINE H. GILMUR, JAMES D.
GILMUR and the JAMES D. AND
JACQUELINE H. GILMUR LIVING TRUST,

                              Defendant.

No. 2:16-cv-00445-RSL

**DEFENDANT JAMES D. GILMUR AND JACQUELINE H. GILMUR LIVING TRUST ANSWER TO  FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Defendant, James D. and Jacqueline H. Gilmur Living Trust, by way of Answer and Affirmative Defenses to plaintiff's First Amended Complaint, states as follows:

      1.        Paragraph 1 of plaintiff's First Amended Complaint contains a general summary of plaintiff's claims and requested relief, which does not require a response.  To the extent that a response is required, the allegations are denied.  Defendant specifically denies that there is any violation of the federal Clean Water Act enforceable by this citizen-suit action and denies that plaintiff is entitled to any relief whatsoever.

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 1
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

## II.    JURISDICTION AND VENUE

2.    Answering paragraph 2 of plaintiff's First Amended Complaint, defendant denies all of the allegations contained therein.

3.    Answering paragraph 3 of plaintiff's First Amended Complaint, defendant denies the allegations contained in the first sentence of said paragraph.  Answering the second and third sentences of said paragraph, defendant admits that it received a letter attached as Exhibit 1 to the First Amended Complaint.  Answering the remaining allegations contained in said paragraph, defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.

4.    Answering paragraph 4 of plaintiff's First Amended Complaint, defendant admits that more than sixty days have passed since the date of the letter attached as Exhibit 1, but denies the remaining allegations of said paragraph.

5.    Answering paragraph 5 of plaintiff's First Amended Complaint, defendant admits that if the Court has jurisdiction, which it does not, that venue is proper in the U.S. District Court for the Western District of Washington, but denies the remaining allegations of said paragraph.

## III.    PARTIES

6.    Answering paragraph 6 of plaintiff's First Amended Complaint, defendant denies that plaintiff has any members who are injured by defendant.  Answering the remainder of said paragraph, defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.

7.    Answering paragraph 7 of plaintiff's First Amended Complaint, defendant denies all of the allegations contained therein.

8.    Answering paragraph 8 of plaintiff's First Amended Complaint, defendant denies all of the allegations contained therein.

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 2
Case No. 2:16-cv-00445-RSL

51566465.1

9.      Answering the paragraph 9 of plaintiff's First Amended Complaint, defendant lack knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.

10.     Answering paragraph 10 of plaintiff's First Amended Complaint, defendant admits that it owns the real property upon which the James D. and Jacqueline H. Gilmur Living Trust, Duwamish Metal Fabrication, and Samson Tug and Barge operate; however, denies all of the remaining allegations contained in said paragraph.

11.     Answering paragraph 11 of plaintiff's First Amended Complaint, defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.

12.     Answering paragraph 12 of plaintiff's First Amended Complaint, defendant denies all of the allegations contained therein.

## IV.     LEGAL BACKGROUND

13.     Answering paragraph 13 of plaintiff's First Amended Complaint, this paragraph contains plaintiff's legal conclusions, which does not require a response.  To the extent that a response is required, the allegations are denied.

14.     Answering paragraph 14 of plaintiff's First Amended Complaint, this paragraph contains plaintiff's legal conclusions, which does not require a response.

15.     Answering paragraph 15 of plaintiff's First Amended Complaint, this paragraph contains plaintiff's selective summary and interpretations of the Industrial Stormwater General Permit and plaintiff's legal conclusions, which does not require a response.  To the extent that a response is required, they are denied.

16.     Answering paragraph 16 of plaintiff's First Amended Complaint, this paragraph contains plaintiff's selective summary and interpretations of Permit conditions, which does not require a response. To the extent that a response is required, they are denied.

## V.     FACTS

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 3
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

17.     Answering the allegations in paragraph 17 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

18.     Answering the allegations in the first two sentences of paragraph 18 of plaintiff's First Amended Complaint, defendant admits that James Gilmur applied for and obtained permit coverage for Duwamish Metal Fabrication under the Washington State Department of Ecology Industrial Stormwater General Permit, but denies the remaining allegations of said sentences. Answering the remaining allegations contained in said paragraph that pertain to Samson Tug & Barge Co., defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore, denies said allegations.

19.     Answering paragraph 19 of plaintiff's First Amended Complaint, defendant denies that there is a "defendants' facility," and on that basis denies the allegations contained in said paragraph on the basis that they are vague and ambiguous.

20.     Answering the allegations contained in paragraph 20 of plaintiff's First Amended Complaint, defendant denies all of the allegations contained therein.

21.     Answering the allegations contained in the first two sentences of paragraph 21 of plaintiff's First Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies said allegations. Defendant denies all of the remaining allegations contained in said paragraph.

22.     Answering the allegations in paragraph 22 of plaintiff's First Amended Complaint that pertain to other defendants, defendant James D. and Jacqueline H. Gilmur Living Trust is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 4
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

1    23.    Defendant denies all of the allegations contained in paragraph 23 of the plaintiff's

2    First Amended Complaint.

3    24.    Answering the allegations in paragraph 24 of plaintiff's First Amended Complaint

4    that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

5    sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

6    the extent that allegations in said paragraph are directed to the defendant James D. and

7    Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

8    25.    Answering the allegations in paragraph 25 of plaintiff's First Amended Complaint

9    that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

10    sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

11    the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H.

12    Gilmur Living Trust, all of the allegations are denied.

13    26.    Answering the allegations in paragraph 26 of plaintiff's First Amended Complaint

14    that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

15    sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

16    the extent that allegations in said paragraph are directed to the defendant James D. and

17    Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

18    27.    Answering the allegations in paragraph 27 of plaintiff's First Amended Complaint

19    that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

20    sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

21    the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H.

22    Gilmur Living Trust, all of the allegations are denied.

23    28.    Answering the allegations in paragraph 28 of plaintiff's First Amended Complaint

24    that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

25    sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

26

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 5
Case No. 2:16-cv-00445-RSL

51566465.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

29.     Answering the allegations in paragraph 29 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

30.     Answering the allegations in paragraph 30 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

31.     Answering the allegations in paragraph 31 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

32.     Answering the allegations in paragraph 32 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

33.     Answering the allegations in paragraph 33 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 6
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

1
2

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline
H. Gilmur Living Trust, all of the allegations are denied.

3

34.    Answering the allegations in paragraph 34 of plaintiff's First Amended Complaint

4

that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

5

sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

6

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline

7

H. Gilmur Living Trust, all of the allegations are denied.

8

35.    Answering the allegations in paragraph 35 of plaintiff's First Amended Complaint

9

that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

10

sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

11

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline

12

H. Gilmur Living Trust, all of the allegations are denied.

13

36.    Answering the allegations in paragraph 36 of plaintiff's First Amended Complaint

14

that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

15

sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

16

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H.

17

Gilmur Living Trust, all of the allegations are denied.

18

37.    Answering the allegations in paragraph 37 of plaintiff's First Amended Complaint

19

that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

20

sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

21

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H.

22

Gilmur Living Trust, all of the allegations are denied.

23

38.    Answering the allegations in paragraph 38 of plaintiff's First Amended Complaint

24

that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

25

sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

26

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

1   the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H.

2   Gilmur Living Trust, all of the allegations are denied.

3         39.      Answering the allegations in paragraph 39 of plaintiff's First Amended Complaint

4   that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

5   sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

6   the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H.

7   Gilmur Living Trust, all of the allegations are denied.

8         40.      Answering the allegations in paragraph 40 of plaintiff's First Amended Complaint

9   that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

10  sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

11  the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline

12  H. Gilmur Living Trust, all of the allegations are denied.

13        41.      Answering the allegations in paragraph 41 of plaintiff's First Amended Complaint

14  that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

15  sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

16  the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline

17  H. Gilmur Living Trust, all of the allegations are denied.

18        42.      Answering the allegations in paragraph 42 of plaintiff's First Amended Complaint

19  that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

20  sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

21  the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline

22  H. Gilmur Living Trust, all of the allegations are denied.

23        43.      Answering the allegations in paragraph 43 of plaintiff's First Amended Complaint

24  that pertain to Samson Tug & Barge Co., defendant is without knowledge or information

25  sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To

26

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 8
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

44.    Answering the allegations in paragraph 44 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

45.    Answering the allegations in paragraph 45 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

46.    Answering the allegations in paragraph 46 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

47.    Answering the allegations in paragraph 47 of plaintiff's First Amended Complaint that pertain to Samson Tug & Barge Co., defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, denies the same.  To the extent that allegations in said paragraph are directed to defendant James D. and Jacqueline H. Gilmur Living Trust, all of the allegations are denied.

48.    Defendant denies the allegations contained in paragraph 48.

49.    Defendant denies the allegations contained in paragraph 49.

50.    Defendant denies the allegations contained in paragraph 50.

## VI.    CAUSE OF ACTION

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 9
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

51.      Defendant incorporates by reference its answers to the preceding paragraphs 1-50 as though set forth at length herein.

52.      Paragraph 52 of plaintiff's First Amended Complaint contains legal conclusions, which does not require a response.  To the extent that paragraph 53 contains allegations against defendant James D. and Jacqueline H. Gilmur Living Trust, they are denied.

53.      Defendant denies the allegations contained in paragraph 53.

54.      Defendant denies the allegations contained in paragraph 54.

55.      Defendant is without sufficient knowledge or information to admit or denies the allegations contained in paragraph 55 of plaintiff's First Amended Complaint and, therefore, denies the same.

## VII.    RELIEF REQUESTED

Defendant denies that plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant.

2.      Some or all of the claims set forth in the Complaint are barred by the applicable statute of limitations.

3.      Plaintiff lacks standing to bring the claims asserted in the Complaint.

4.      Plaintiff's claims are barred by lack of proper subject matter jurisdiction.

5.      Plaintiff's claims are barred, in whole or in part, by 33 U.S.C. § 1365.

6.      Plaintiff's claims are barred, in whole or in part, because there is no ongoing violation of the federal Clean Water Act.

7.      Plaintiff's claims, in whole or in part, are the result of actions or inactions of third parties over which defendant has no knowledge or control.

Defendant reserves the right to amend its Answer to include additional affirmative defenses in accordance with the federal Rules of Civil Procedure.

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 10
Case No. 2:16-cv-00445-RSL

51566465.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff's Complaint, defendant James D. and Jacqueline H. Gilmur Living Trust, prays for relief as follows:

1.      Plaintiff's First Amended Complaint be dismissed with prejudice;

2.      For an award of reasonable attorneys' fees and costs incurred by defendant in defending against this action; and

3.      For such other and further relief as the Court deems appropriate.

DATED this 16th day of November, 2016.


*s/Lori  A. Terry*              
*s/John Ray Nelson*              
Lori  A. Terry, WSBA #22006
John Ray Nelson, WSBA #16393
FOSTER PEPPER PLLC
1111 Third Avenue
Suite 3000
Seattle, Washington  98101-3292
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: lori.terry@foster.com
            john.nelson@foster.com

Attorneys for Defendant
James D. and Jacqueline H. Gilmur Living Trust

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 11
Case No. 2:16-cv-00445-RSL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51566465.1

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on November 16, 2016 I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

following:

5

6

Meredith Crafton                          Mark M. Myers
Knoll Lowney                              Williams Kastner & Gibbs
7

Smith & Lowney, P.L.L.C                   601 Union Street,  Suite 4100
2317 East John Street                     Seattle, WA  98101-2380
8

Seattle, WA 98112                         mmyers@williamskastner.com
meredithc@igc.org
9

knoll@igc.org                             *Attorney for Samson Tug and Barge Co. Inc.*

10

*Attorney for Puget Soundkeeper Alliance*

11

DATED this 16th day of November, 2016.

12

13

*/s/ Michelle Stark*_____
14

Michelle Stark, Legal Assistant

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT GILMUR LIVING TRUST ANSWER TO
FIRST AMENDED COMPLAINT - 12
Case No. 2:16-cv-00445-RSL

51566465.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700