The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

9

PUGET SOUNDKEEPER ALLIANCE,

10

                        Plaintiff,

No. 2:16-cv-00445-RSL

11

    v.

STIPULATED PROTECTIVE ORDER

12

13

SAMSON TUG AND BARGE CO. INC.,
DUWAMISH MARINE CENTER, INC.,
JACQUELINE H. GILMUR, JAMES D.
GILMUR, JAMES D. AND JACQUELINE H.
GILMUR LIVING TRUST, and DUWAMISH
METAL FAB, INC.,

14

15

16

                        Defendants.

17

18

19

1.      PURPOSES AND LIMITATIONS

20

        Discovery in this action is likely to involve production of confidential, proprietary, or

21

private information for which special protection may be warranted. Accordingly, the parties

22

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

23

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

24

protection on all disclosures or responses to discovery, the protection it affords from public

25

disclosure and use extends only to the limited information or items that are entitled to

26

confidential treatment under the applicable legal principles, and it does not presumptively entitle

STIPULATED PROTECTIVE ORDER - 1 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1  parties to file confidential information under seal.

2  2.    "CONFIDENTIAL" MATERIAL

3       "Confidential" material shall include the following documents and tangible things

4  produced or otherwise exchanged:

5           • Financial documents and records, including but not limited to tax records and

6               statements, income statements, balance sheets, documentation of profits & losses,

7               and payment records;

8           • Personal identifying information, including but not limited to social security

9               numbers, dates of birth, and account numbers;

10           • Trust documents and records for the James D. and Jacqueline H. Gilmur Living

11               Trust.

12  3.    SCOPE

13       The protections conferred by this agreement cover not only confidential material (as

14  defined above), but also (1) any information copied or extracted from confidential material; (2)

15  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

16  conversations, or presentations by parties or their counsel that might reveal confidential material.

17  However, the protections conferred by this agreement do not cover information that is in the

18  public domain or becomes part of the public domain through trial or otherwise.

19  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

20       4.1    Basic Principles. A receiving party may use confidential material that is disclosed

21  or produced by another party or by a non-party in connection with this case only for prosecuting,

22  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

23  the categories of persons and under the conditions described in this agreement. Confidential

24  material must be stored and maintained by a receiving party at a location and in a secure manner

25  that ensures that access is limited to the persons authorized under this agreement.

26

STIPULATED PROTECTIVE ORDER - 2 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party

STIPULATED PROTECTIVE ORDER - 3 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1   to determine whether the designating party will remove the confidential designation, whether the

2   document can be redacted, or whether a motion to seal or stipulation and proposed order is

3   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

4   standards that will be applied when a party seeks permission from the court to file material under

5   seal.

6   5.   DESIGNATING PROTECTED MATERIAL

7       5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party

8   or non-party that designates information or items for protection under this agreement must take

9   care to limit any such designation to specific material that qualifies under the appropriate

10  standards. The designating party must designate for protection only those parts of material,

11  documents, items, or oral or written communications that qualify, so that other portions of the

12  material, documents, items, or communications for which protection is not warranted are not

13  swept unjustifiably within the ambit of this agreement.

14      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

16  unnecessarily encumber or delay the case development process or to impose unnecessary

17  expenses and burdens on other parties) expose the designating party to sanctions.

18      If it comes to a designating party's attention that information or items that it designated

19  for protection do not qualify for protection, the designating party must promptly notify all other

20  parties that it is withdrawing the mistaken designation.

21      5.2   Manner and Timing of Designations. Except as otherwise provided in this

22  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

23  ordered, disclosure or discovery material that qualifies for protection under this agreement must

24  be clearly so designated before or when the material is disclosed or produced.

25      (a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition

26

STIPULATED PROTECTIVE ORDER - 4 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial ~~or trial~~ proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

STIPULATED PROTECTIVE ORDER - 6 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1   designating party whose confidential material may be affected.

2   8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

4   material to any person or in any circumstance not authorized under this agreement, the receiving

5   party must immediately (a) notify in writing the designating party of the unauthorized

6   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

7   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

8   this agreement, and (d) request that such person or persons execute the "Acknowledgment and

9   Agreement to Be Bound" that is attached hereto as Exhibit A.

10  9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

11
        When a producing party gives notice to receiving parties that certain inadvertently
12
    produced material is subject to a claim of privilege or other protection, the obligations of the
13
    receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
14
    provision is not intended to modify whatever procedure may be established in an e-discovery
15
    order or agreement that provides for production without prior privilege review. Parties shall
16
    confer on an appropriate non-waiver order under Fed. R. Evid. 502.
17
    10.     NON TERMINATION AND RETURN OF DOCUMENTS
18
        Within 60 days after the termination of this action, including all appeals, each receiving
19
    party must return all confidential material to the producing party, including all copies, extracts
20
    and summaries thereof. Alternatively, the parties may agree upon appropriate methods of
21
    destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all
22
    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
23
    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
24
    work product, even if such materials contain confidential material.
25
        The confidentiality obligations imposed by this agreement shall remain in effect until a
26

STIPULATED PROTECTIVE ORDER - 7 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1   designating party agrees otherwise in writing or a court orders otherwise.

2         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3         DATED this 22nd day of May, 2017.

4   FOSTER PEPPER PLLC                    SMITH & LOWNEY, PLLC

5   *s/ Lori A. Terry*                       *s/ Knoll Lowney*
    Lori A. Terry, WSBA #22006            Knoll Lowney, WSBA #23457
6   Foster Pepper PLLC                    Meredith A. Crafton, WSBA #46558
7   1111 Third Avenue, Suite 3000        SMITH & LOWNEY, PLLC
    Seattle, WA 98101                    2317 E. John St.
8   Telephone: (206) 447-4400            Seattle, WA 98112
    Facsimile: (206) 447-9700            Telephone: (206) 860-2883
9   E-Mail: lori.terry@foster.com        Facsimile: (206) 860-4187
    *Attorney for Defendants Duwamish Marine*  E-Mail: knoll@smithandlowney.com
10  *Center, Inc., Jacqueline H. Gilmur, James D.*       meredith@smithandlowney.com
    *Gilmur, James D. and Jacqueline H. Gilmur*  *Attorneys for Plaintiff Puget Soundkeeper*
11  *Living Trust, and Duwamish Metal Fab, Inc.*  *Alliance*

12
    WILLIAMS, KASTNER & GIBBS PLLC
13
14  *s/ Mark Myers*
    Mark Myers, WSBA #15362
15  S. Shawn Toor, WSBA #50108
    WILLIAMS, KASTNER & GIBBS PLLC
16  601 Union Street, Suite 4100
    Seattle, WA 98101
17  Telephone: (206) 628-6600
    Facsimile: (206) 628-6611
18  E-Mail: mmyers@williamskastner.com
19        stoor@williamskastner.com
    *Attorneys for Defendant Samson Tug and*
20  *Barge*

21

22

23  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24
    DATED: __May 23, 2017__        _____
25
                                  Robert S. Lasnik
26                                United States District Judge

STIPULATED PROTECTIVE ORDER - 8 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Western District of

Washington on _____ [date] in the case of PUGET SOUNDKEEPER

ALLIANCE v. SAMSON TUG AND BARGE CO. INC., et al. No. 2:16-cv-00445-RSL. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 9 -
Case No. 2:16-cv-00445-RSL
51598706

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700